**EMPLOYEES FINANCE COMPANY et al., Petitioners,**

v.

**Crit C. LATHRAM, Respondent.**

No. A–9482.

Supreme Court of Texas.

July 24, 1963.

1. Writ of error dismissed for want of jurisdiction. Torrez v. Maryland Casualty Company, Tex., 363 S.W.2d 235.

Abney, Howell, Abramson & Burleson, Dallas, R. Dean Moorhead, Austin, for petitioners.

Fritz & Vinson, Dallas, for respondent.

CALVERT, Chief Justice.

In his suit based upon usurious interest charges and unreasonable collection efforts, Crit C. Lathram, as plaintiff, recovered separate judgments against a number of defendants for double the amount of interest paid on loans, as authorized by Art. 5073, Vernon's Texas Civil Statutes, and a joint and several judgment against Employees Finance Company, First Finance Service, Texas Finance Company, Union Finance Company, W. Lee Moore, Jr., individually, W. Lee Moore, Jr., independent executor of the estate of W. Lee Moore, United Finance & Thrift Corporation of Fort Worth and State Loan and Finance Corporation for $2,900.00 as damages resulting from unreasonable efforts to collect loans. The Court of Civil Appeals affirmed. 363 S.W.2d 899.

We sever the case into two causes, as follows: 1. Lathram's claims for recovery from the various defendants of double the amount of interest paid on loans as authorized by Art. 5073. As to this cause we affirm the judgment of the Court of Civil Appeals. 2. Lathram's joint and several claim against the defendants for recovery of actual damages caused by the defendants' unreasonable efforts to collect loans made to him. As to this cause we reverse the judgments of the Court of Civil Appeals and trial court and order the cause dismissed, without prejudice to the rights of the various defendants.

Among the recoveries awarded to Lathram under Art. 5073 by the trial court's judgment was an item of $486.90 from United Finance & Thrift Corporation of

Fort Worth, State Loan and Finance Corporation and General Fidelity Life Insurance Company, jointly and severally. It has been noted above that United Finance & Thrift Corporation of Fort Worth and State Loan and Finance Corporation were, with others, also made jointly and severally liable for the recovery of $2,900.00 awarded as actual damages for unreasonable collection efforts. These defendants did not appeal from the trial court's judgment, and, upon issuance of a writ of execution, United paid in full the items of $486.90 and $2,900.00, together with accrued interest and all court costs.

Other recoveries awarded to Lathram under Art. 5073 by the trial court's judgment were as follows: 1. $273.85 against Employees Finance Company and W. Lee Moore, Jr., individually and as independent executor of the estate of W. Lee Moore, jointly and severally. 2. $329.35 against First Finance Service and W. Lee Moore, Jr., jointly and severally. 3. $436.90 against Texas Finance Company and W. Lee Moore, Jr., individually and as executor of the estate of W. Lee Moore, jointly and severally. 4. $306.70 against Union Finance Company and W. Lee Moore, Jr., individually and as executor of the estate of W. Lee Moore, jointly and severally. All of these defendants appealed from the trial court's judgment and are the petitioners here. In the Court of Civil Appeals they challenged the correctness of the judgment as to the recoveries here itemized and as to the recovery of $2,900.00 as damages for unreasonable collection efforts. As heretofore noted the Court of Civil Appeals affirmed as to both.

In this Court petitioners seek a reversal of the entire judgment of the Court of Civil Appeals, but they do not, by point of error or otherwise, point to any error in the judgment of the Court of Civil Appeals in so far as it affirms the various items of recovery awarded under Art. 5073.

■ Rule 503, Texas Rules of Civil Procedure, provides, in part, that if an error of law has been committed by the trial court, and it appears to this Court "that the error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error." The errors here complained of affect only the part of the judgment awarding a recovery of $2,900.00 as damages for unreasonable collection efforts. That issue is severable from the issues of statutory damages arising out of the collection of usurious interest. We must, therefore, affirm the judgment of the Court of Civil Appeals in so far as it affirms the judgment of the trial court awarding respondent recovery of the several items of damages under Art. 5073.

■ We are next concerned with a proper disposition of the remaining cause in which Lathram recovered a judgment for $2,900.00. Lathram has filed a motion to dismiss in this cause. In support of his motion he argues that since the judgment in this severed cause has been paid in full, the questions presented by petitioners' points of error are moot. We are disposed to agree.

Petitioners present no points of error which, if sustained, would require or permit a reversal of the judgment and a rendition of judgment that plaintiff take nothing. The only points of error presented complain of the action of the trial court in striking allegations of contributory negligence from petitioners' answer to respondent's claim for damages for unreasonable collection efforts, and of errors committed in the submission to the jury of special issues and an instruction relating to respondent's claim for damages resulting from unreasonable collection efforts. For purposes of this opinion we may assume, without deciding, that the points of error are good and should be sustained.

As heretofore noted, the judgment in this cause with all accrued interest and court costs has long since been paid by United, a non-appealing defendant. Sus-

taining the points of error would result in a reversal of the judgment and a remand of the cause to the trial court for retrial. Having already collected the full amount to which he is entitled, respondent, by both written brief and oral argument, understandably disclaims any interest in a retrial of the matter. He could promptly take a nonsuit and no doubt would do so. None of the defendants adjudged to be jointly and severally liable for the item of $2,900.00 sought or obtained a judgment over against the others for contribution in the event of payment. Thus if the cause were remanded it would stand on the trial court docket with no prosecuting plaintiff, with no judgment against petitioners, with all legal obligations of the petitioners to the plaintiff discharged by United and with no pleadings by United seeking contribution from petitioners. To reverse the judgment and remand the cause for retrial would afford petitioners no effective relief whatever. The questions presented are moot, and to decide them in this context would be nothing more or less than an advisory opinion as to the proper manner in which to try a case of this type.

Petitioners assert that they are entitled to have the questions they have presented decided because those who have paid the judgment may seek contribution from them. If their points of error were such as to require a rendition by this Court of judgment that the plaintiff take nothing against them, perhaps they would be entitled to have the points decided. That is a matter not before us. The fact is that deciding the questions actually presented, even in the manner petitioners wish them decided, could not possibly insulate them against a subsequent suit for contribution by those defendants who have paid the judgment. Whether deciding them would insulate petitioners against liability in a suit for contribution is an altogether *iffy* matter, depending on whether such a suit is filed and what issues are raised.

Our holding that the issues in this severed cause are moot is supported by Padgitt v. Young County, 111 Tex. 98, 229

S.W. 459. There it was ruled that a holding of mootness was compelled by voluntary payment of a judgment by a third person who was not a party to the suit.

Petitioners seek to distinguish Padgitt on the ground that payment in that case was voluntary, whereas in this case payment was made only after issuance of writ of execution. Whether payment is voluntary or involuntary cannot be controlling when liability is extinguished by payment by a third person. In either event the one cast in judgment is relieved of all liability for payment of the judgment. The rule is otherwise, of course, when payment is obtained from an appealing party adjudged to be liable for payment of money. As to such a party voluntary payment moots the case, Norris Implement Co. v. Ogden, Tex.Civ.App., 147 S.W. 279, no writ history; Travis County v. Matthews, Tex.Civ.App., 221 S.W.2d 347, no writ history; cf. City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638; but involuntary payment does not. Cravens v. Wilson, 48 Tex. 321, 323; Texas Trunk R. Co. v. Jackson, 85 Tex. 605, 22 S.W. 1030, 1031.

Petitioners' final argument against mootness is that they are entitled to have the stigma cast on them by the judgment removed. The argument is probably generated by respondent's request that the application for writ of error or the points in the application be dismissed. If the request were honored, the entire judgment of the Court of Civil Appeals would be left standing. But the request is not to be honored. The judgment properly to be rendered is one reversing the judgment of the Court of Civil Appeals in this severed cause and ordering it dismissed. Freeman v. Burrows, 141 Tex. 318, 171 S.W.2d 863; Travis County v. Matthews, Tex.Civ.App., 221 S.W.2d 347, no writ history; Cullen v. Ellis County Levee Imp. Dist. No. 3, Tex. Civ.App., 77 S.W.2d 310, no writ history. The stigma of the judgment in this severed cause is thus removed. We need not decide,

therefore, whether a party's right to have the stigma of a judgment removed is sufficient reason for declining to moot a cause. Moreover, we have no basis upon which to remove the stigma, if any, cast on petitioners by the judgment in the cause for recovery under Art. 5073 based on the charging of usurious interest since no complaint is made of that judgment.

The case is severed into two causes. In one the judgment of the Court of Civil Appeals is affirmed and in the other the judgment of the Court of Civil Appeals is reversed and the cause is ordered dismissed, all as is herein set out.