Howard STANFIELD et al., Appellants,

v.

Della Joy BUTLER et al., Appellees.

No. 7230.

Court of Civil Appeals of Texas, Beaumont.

June 10, 1971.

Rehearing Denied Sept. 16, 1971.

Second Rehearing Denied Oct. 15, 1971.

---

Rice & Seely, Groce, Hebdon, Fahey & Smith, San Antonio, for appellants.

Carl Wright Johnson, San Antonio, for appellees.

STEPHENSON, Justice.

This is an action for damages arising out of a collision between an automobile driven by Roy Stanfield and a pickup truck driven by Mark Butler. Both drivers were fatally injured, and this action is between their heirs and legal representatives. The Stanfields brought this suit, and the Butlers filed a cross-action. Trial was by jury and judgment rendered for the Butlers. In this opinion the Stanfields will be referred to as appellants and the Butlers as appellees.

All of appellants' points of error are evidentiary with a series of "no evidence," "insufficient evidence," and "against the great weight and preponderance of the evidence" points as to both negligence and proximate cause concerning these four factual issues:

(1) Whether Mark Butler was on the left side of the highway;

(2) Whether Mark Butler failed to keep a proper lookout;

(3) Whether Roy Stanfield was on the left side of the highway;

(4) Whether Roy Stanfield failed to keep a proper lookout.

The jury answered all of the issues favorably to the Butlers. In passing upon these points of error we consider only the favorable evidence as to the "no evidence" point and the entire record as to the remaining points. In deciding whether there is evidence to support the issues, we view such evidence in its most favorable light in support of the verdict. East Texas Theaters, Inc. v. Rutledge, 453 S.W.2d 466 (Tex. Sup., 1970).

This collision occurred between 8:30 and 9:00 p. m. on the night of March 30, 1968, about two miles north of Karnes City on U. S. Highway 181. There were no passengers in either vehicle. This two-lane highway was straight at the place the collision happened with a mild incline from south to north.

Appellants' testimony was in substance as follows: Darlene Rhodes testified that she and Roy Stanfield planned to be married. On the date of this incident she met Roy about 6:30 p. m. at a barbeque at Hopson which is about seven miles north of Karnes City. About 8:30 p. m. they left the barbeque to return to Karnes City with the plan that Roy would follow her home and pick her up there. They had driven to the barbeque at different times and in separate cars. They were proceeding south on Highway 181 with Darlene driving in front of Roy about 60 yards, maintaining that distance, both about 55 miles per hour. She had her lights on bright with his lights on dim. The pickup truck involved in the collision driving normally met and passed her. She glanced in her rear-view mirror and Roy's headlights were behind her about the same distance (60 yards)—then there was darkness—then a ball of fire in her lane which veered off into the middle of

the road of the other side. Roy did not attempt to pass her at any time from the time they left the barbeque until the accident.

Bernard Glassman, Jr., who was a school teacher at Karnes City High School at the time was driving south on Highway 181 and witnessed the collision from a distance. He saw headlights coming toward him which veered to his right into his lane. He then saw a fireball in his lane, and then flames spreading to his left into the other lane which seemed to cover the road from one side to the other. He estimated he was about one fourth of a mile away when the collision occurred.

Jerry Janak, a State Highway Patrolman, assisted his partner in an investigation of this collision. He observed the position of the vehicles and the highway at the place of the collision. He found a gouged mark in the southbound (Stanfield's) lane and scraping marks in the direction of travel the vehicles took after impact. He gave his opinion that the collision occurred in the southbound lane.

Charles H. Ruble, a Captain on the San Antonio Police Department and a private accident consultant for eleven years, made an investigation of this collision. He was furnished a number of photographs taken the night of the collision and the following day. He went to the scene of the accident April 3, 1968, examined it and took more pictures. He then examined the vehicles involved and took more pictures. He stated it was his opinion the point of impact was a gouge mark he found in the southbound lane. He traced the direction the automobile and pickup truck took both before and after the impact. In his opinion both vehicles were traveling at a speed between 60 to 65 miles per hour with a possibility the pickup was going 5 to 6 miles per hour faster than the automobile. In his opinion the truck overrode the automobile causing the automobile to go down in the front and make the primary contact with the pavement, resulting in the gouge mark he found in the southbound

lane. He found no gouge marks—no impact dig marks in the northbound lane.

Appellees put on the testimony of Robert E. Bradley by deposition. He was Mark Butler's supervisor but did not have the "slightest idea" as to how the accident occurred. The only other witness called was Mark Butler's surviving widow who also knew nothing about the facts surrounding the collision. Appellees' version of this collision is that Roy Stanfield was attempting to pass Darlene Rhodes and collided head-on with Mark Butler in the northbound lane of traffic (Butler's lane). Appellees rely upon the physical evidence at the scene of the collision, appellants' witnesses, appellants' exhibits and six photographs offered by appellees to sustain their position.

Appellees seek to discredit the testimony of Bernard Glassman, Jr., by the following: Glassman did not see the taillight of the Stanfield automobile. He did not see the headlights of the oncoming car, but merely the glare in the sky. He did not give his name to the highway patrolman as a witness. He did not see Darlene Rhodes or the first automobile (according to Darlene Rhodes) which arrived at the scene of the collision.

Appellees seek to discredit the testimony of Darlene Rhodes by the following: Darlene Rhodes testified by deposition that Roy Stanfield was driving along about 60 feet behind her and then changed the distance to 60 yards at the time she signed the deposition. Darlene Rhodes testified that the pickup truck, which collided with Roy Stanfield's automobile, was on its right-hand side of the highway when it passed her; and she noticed nothing unusual about it when it passed.

Appellees seek to discredit the testimony of Jerry Janak by the following: He was merely assisting in the investigation and had no report from which to refresh his memory. He found the pickup truck on fire in the northbound lane facing west when he arrived. He found the automobile with no evidence of burning on the west paved shoulder facing in a northerly direction and with the front end about 30 to 40 feet south of the pickup. He admitted he did not know which vehicle made the gouge marks in the southbound lane and that they could have been made after the cars collided and swung around. He admitted he did not know the Stanfield car was following closely behind the Rhodes car and that the Butler car passed the Rhodes car just before the collision.

Appellees seek to discredit the testimony of Charles H. Ruble by the following: Ruble was hired several days after the collision to attempt to reconstruct the accident. Ruble admitted he did not contact any of the witnesses and did not know that Stanfield was following closely behind the Darlene Rhodes car immediately before the collision. He testified the white area appearing in several exhibits just south of where the pickup truck came to rest was made by the battery acid from the automobile; that the battery was smashed to bits upon impact; that he found no debris or battery acid at the gouge marks.

Appellees rely primarily upon two deductions from the physical evidence. First, the presence of the battery acid in the northbound lane as proof that the collision occurred at that point where the battery was smashed. Second, with each vehicle traveling 60 miles per hour and closing at the rate of 170 feet per second, if Roy Stanfield was 60 yards behind the Rhodes car, it would have been physically impossible for Mark Butler to have passed the Rhodes car in his own lane and then turn into the Stanfield car in one second.

■ Appellants' "no evidence" points are overruled. There is some physical evidence that supports the findings of the jury. However, we find all of the jury findings under attack to be contrary to the weight and preponderance of the evidence. Even though proper lookout issues were submitted as to both Stanfield and Butler, the real battle in this case was fought over

the lane of traffic in which the collision occurred.

On the one hand, we have the testimony of Darlene Rhodes, Bernard Glassman, Jr., Jerry Janak and Charles H. Ruble all testifying that this collision occurred in the southbound lane. On the other hand, we have the evidence that the Stanfield automobile battery was smashed to bits and battery acid was in the northbound lane.

There is no direct evidence that the battery acid in the northbound lane came from the Stanfield automobile. No inquiry was made of any witness as to what happened to the pickup truck battery. From our study of the pictures of the pickup truck in evidence in this case, we are convinced its battery was also smashed to bits. According to the testimony of Charles Ruble, in reconstructing this collision, the Stanfield automobile did not get into the northbound lane at any time. The direction the pickup truck took after the impact was over the spot where the battery acid was found. Further, no gouge mark was found in the northbound lane; and extensive asphalt material was found in the rim of the Stanfield automobile, demonstrating the fact that a gouge mark was made in this collision. Ruble also testified that he found other light areas that could also represent battery acid which could account for the Stanfield automobile battery acid. We have concluded the findings of the jury are clearly wrong and manifestly unjust.

Reversed and remanded.

## ON MOTION FOR REHEARING

Complaint is made by the Butlers that this court should not remand that portion of the judgment denying the Stanfield recovery, but should affirm the judgment of the trial court. The basis for this contention is that the Stanfields made no complaint in the trial court in their motion for new trial, and no points of error in this court attacking the jury finding of "none" to the Stanfield damage issue. The rationale is that the jury finding of no dam-

ages supports the take-nothing judgment, and the liability issue findings were immaterial. The case of Lewis v. Isthmian Lines, Inc., 425 S.W.2d 893 (Tex.Civ.App., Houston, 1968, no writ), is cited as authority for this position. There is also some veiled suggestion that Howard and Hattie Stanfield, as individuals, may not have appealed from the take-nothing judgment, and that this appeal is by the Stanfields as representatives of the Estate from the judgment against them as cross-defendants.

First, this latter contention is rejected. The record shows the original and amended motions for new trial were made by the Stanfields as plaintiff and cross-defendants. The judgment and the order overruling the motion for new trial each recite notice of appeal by the Stanfields in both capacities. The supersedeas bond recites the fact that Howard and Hattie Stanfield and the Estate of Roy Stanfield, Deceased, desire to take an appeal. Such bond is signed on behalf of the Stanfields in both capacities. We think it is clear the Stanfields are before us as both plaintiffs and cross-defendants.

The Lewis Case, supra, is apparently the only case in this state touching on the matter before us, and it has no writ history. The Lewis Case, supra, held for the first time that the jury findings as to liability were immaterial and harmless unless the finding of no damage be set aside, citing Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334 (1939). This latter case is one of the most frequently cited and followed cases found in our law books. However, except for the Lewis Case, supra, it has always been cited for the proposition that the answer to the damage issue was immaterial when the liability issues have been found against the complaining party. We do not agree that the converse of the rule is true, as the damage issue cannot be regarded in the same light as liability issues for reasons hereafter stated.

We are inclined to believe that this position, now taken by the Butlers on motion for rehearing for the first time, comes too late. The Butlers did not indicate at any point in the trial court that they would rely upon this proposition. Nothing is said in their motion for judgment that they were entitled to a take-nothing judgment against the Stanfields in their individual capacity because of the answer to the Stanfield damage issue. The Butlers did not mention this matter in the proposed judgment tendered to the court, and this is likewise true of the judgment entered by the court. Also, the Butlers did not mention this proposition in their counter or reply points contained in their appellees brief filed in this court.

█ █ In their appellees brief filed in this court, the Butlers did not contend in any manner that portions of the judgment entered in the trial court were separable. They did not ask this court to affirm the judgment against the Stanfields individually, regardless of any action taken as to the judgment secured by the Butlers. In fact, the Butlers did not mention the word "separable" in their motion for rehearing, and cited no authorities to this court which would authorize a remand of only a portion of this case. In such brief the Butlers' only contentions were that the jury findings as to liability were supported by the evidence, without a hint to this court that such findings were immaterial as to the individual Stanfields because of the jury answer of "none" to the Stanfield damage issue. It has been consistently held in this state that matters presented for the first time on motion for rehearing cannot be considered. See W. T. Burton Company v. Keown Contracting Company, 353 S.W.2d 909 (Tex.Civ.App., Beaumont, 1961, error ref., n. r. e.); Quinn v. Wilkerson, 195 S.W.2d 399 (Tex.Civ.App., Fort Worth, 1946, no writ); Aycock v. Travis County, 255 S.W.2d 910 (Tex.Civ. App., Austin, 1953, error ref.).

█ The frequent holdings of the courts of this state that the answers to the damage issues are immaterial, must have led the Stanfields to believe it was not necessary for them to attack such finding on this appeal. The wording used by the Commission of Appeals in the *Andrade Case*, supra, to the effect that it would not have mattered if the jury had found defendant in error was damaged in a substantial amount, or had failed to answer that issue, would tend to mislead a litigant under the circumstances of the case before us. Under the posture of this case, if the jury had found the Stanfields damaged in a substantial amount, the judgment of this court would still be to reverse and remand the entire case for a new trial. A careful reading of the record before us indicates a battle between the parties was never fought over whether Howard and Hattie Stanfield had a reasonably probable expectation of receiving pecuniary benefits and contributions from their son, Roy Stanfield. The only question was as to the amount. The problem is similar to the one existing when all of the evidence shows a plaintiff has received some injury and the only question for the jury to decide is the extent of such injury. In those cases, the rule is that it is not error to refuse to submit an issue as to whether an injury occurred. Texas & Pacific Railway Company v. Moore, 329 S.W.2d 293 (Tex.Civ. App., El Paso, 1959, error ref., n. r. e.); Breaux v. Slocum, 438 S.W.2d 403, (Tex. Civ.App., Beaumont, 1968, error ref., n. r. e.). All of the evidence shows, in our case, that Roy Stanfield was thirty years of age at the time of his death, and his parents, in their sixties; that Roy Stanfield had never married, and was still living at home; that his parents were farmers and ranchers, and that Roy had begun to help with the farming while still in high school and continued while they sent him to college; that he helped continuously to the date of his death, and the value of his services went from $2,500.00 a year in 1956, to $9,500.00 in 1968, excepting only the years he was in the armed services. The answer of "none" to the damage issue demonstrates what the courts have always

known—that juries are aware of the effect of their answers, and were trying to be consistent in holding for the Butlers and against the Stanfields, even though all of the evidence in the record showed some damages suffered by the Stanfields.

The Butlers have cited us no cases supporting their position. That is, that we should sever the Stanfield cause of action from the Butler cause of action, and not disturb the Stanfield take-nothing judgment even though we remand the Butler cause of action. We have made an independent search and have found no case in which such action has been taken. We have concluded our situation is more like the case in which a court of civil appeals has found error in a judgment as to the damages requiring reversal of the case, and the established law will not permit a reversal of only that portion of this case. In those instances it is held that the entire case must be returned to the trial court. Pacific Fidelity Life Insurance Company v. Simpson, 434 S.W.2d 117 (Tex. Sup.1968), Hanover Fire Insurance Co. v. Bock Jewelry Co., 435 S.W.2d 909, 919 (Tex.Civ.App., Dallas, 1968, error ref., n. r. e.).

Motion for rehearing overruled.

KEITH, Justice (dissenting).

*Dissenting Opinion Upon Motion for Rehearing*

I respectfully dissent from the action of this Court, upon rehearing, which overturns a final judgment of a court of competent jurisdiction which never reached this Court. In the very first sentence of the Court's opinion upon the motion for rehearing, the Court mistakes the position of the Butler appellees when it says that they contend that we "should affirm the judgment of the trial court" denying the Stanfield plaintiffs a recovery. That is *not* the position of the Butler defendants on rehearing; instead, their contention, basically, is that since no appeal was perfected from the take-nothing judgment entered in the cause of action wherein the Stanfields were plaintiffs, this Court lacks jurisdiction to enter any order, either of affirmance or reversal. I concur; and, in order to make my position clear, a lengthy resume of the record is necessary.

The Stanfields brought suit on June 24, 1968; and, although the original petition does not appear in our transcript, the original answer thereto was filed by "Della Joy Butler, as Administratrix of the Estate of Mark L. Butler, Deceased." This answer, consisting of a general denial, was filed on July 22, 1968.

On April 4, 1969, an amended answer was filed by Della Joy Butler, as Administratrix, etc., but this was followed by a cross-action for the wrongful death of Mark L. Butler, deceased. The cross-defendants were sued as representatives of the estate of Roy Howard Stanfield, deceased, the allegations being set forth in the margin.[1]

An answer to the cross-action was filed on behalf of Howard Stanfield and wife, Hattie Stanfield "representatives of the Estate of Roy Howard Stanfield, Deceased," which consisted of a general denial. Thereafter, an amended petition was filed by the Stanfields "still complaining of the Estate of Mark L. Butler, Deceased," wherein the Stanfields sought recovery under the wrongful death statute for their damages. This amended petition was filed May 12, 1969, and did not plead any defense to the Butler cross-action then on

---

1. "[T]hat Roy Howard Stanfield is deceased, and cross-defendants Howard Stanfield and wife, Hattie Stanfield, are the surviving parents and sole heirs at law of the Estate of Roy Howard Stanfield, Deceased; that there has been no administration on the estate of Roy Howard

Stanfield and that no such administration is necessary and that cross-defendants Howard Stanfield and wife, Hattie Stanfield, as sole surviving heirs at law of the said Roy Howard Stanfield, are the legal representatives of his said estate; . . . ."

file. On June 5, 1969, the Stanfields filed a separate instrument denominated "First Amended Original Answer of Cross-Defendant, The Estate of Roy Howard Stanfield, Deceased" wherein "Cross-defendants, Howard Stanfield and wife, Hattie Stanfield, representing the Estate of Roy Howard Stanfield, Deceased" presented their defenses to the Butler cross-action. This pleading contained no prayer for affirmative relief, being defensive only.

After the return of the jury verdict which exonerated Butler of negligence and convicted Roy Howard Stanfield of negligence proximately causing the collision, the Court entered judgment in accordance with the verdict which may now be summarized:

1. That "the plaintiffs, Howard Stanfield and wife, Hattie Stanfield, individually and as representatives of the Estate of Roy Howard Stanfield, deceased, each take nothing against the defendant the Estate of Mark L. Butler, deceased."

2. That "cross-plaintiff, Della Joy Butler, as Administratrix of the Estate of Mark L. Butler, deceased, recover the sum of One Thousand Two Hundred Ninety-Two Dollars ($1,292.00) of and from cross-defendants, Howard Stanfield and Hattie Stanfield as representatives of and against the Estate of Roy Howard Stanfield, deceased," [This item followed a stipulation that Butler's estate had paid said sum as burial expense and a headstone for his grave.]

3. Recoveries, in separate paragraphs for Mrs. Butler and her several children in the amounts awarded by the jury because of the death of their husband and father, each of the recoveries being "of and from the cross-defendants, Howard Stanfield and Hattie Stanfield as representatives of and against the Estate of Roy Howard Stanfield, deceased."

The amended motion for new trial was filed on behalf of "Howard Stanfield and wife, Hattie Stanfield, plaintiffs and cross-defendants" and attacked the jury findings acquitting Butler of negligence and finding Roy Howard Stanfield guilty of negligence proximately causing the accident. The answers to Special Issues Nos. 1, 4, 6, 7, 8, 9, and 10 were each made the basis of the same attacks: (a) There was no evidence to support such finding; (b) The evidence was insufficient to support such finding; and (c) The finding was so against the great weight and preponderance of the evidence as to be manifestly unfair and unjust. The amended motion for new trial contained twenty-one assignments (three for each of the issues mentioned) and did not contain any reference to or complaint about the jury's answer to Special Issue No. 11, the Stanfield damage issue which was answered "none."

The order overruling the amended motion for new trial included a notice of appeal by "plaintiffs and cross-defendants, Howard Stanfield and wife, Hattie Stanfield."

The bond on appeal is a supersedeas bond and we reproduce it as an appendix to this opinion, calling attention to the fact that the instrument makes no mention of the fact that the judgment from which the appeal is taken denied the Stanfields, as plaintiffs, any recovery against the Butler estate.

The brief filed by appellants contained twenty-one points which tracked precisely, even down to identical numbering thereof, the twenty-one assignments in the amended motion for new trial.

Appellants' brief is then made up of several lettered subdivisions: (A) "Statement of Facts" containing a summary of the evidence consisting of fifteen pages; (B) "Argument and Authorities" cover three pages, but no statutes, ordinances, rules, or decisions are listed; (C) "No Evidence Points" wherein the usual authorities are cited, e. g., Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059 (1898), are mentioned; (D) "Insufficient Evidence Points" wherein, again, the usual authorities are to be found, e. g., In re King's Estate, 150 Tex.

662, 244 S.W.2d 660 (1951); and (E) a "Conclusion" wherein appellants asserted that the judgment "should be reversed and rendered in favor of Howard Stanfield and wife, Hattie Stanfield, on the liability," and, alternatively, remanded for a new trial.

There was no reference in the brief to the Stanfields, as *plaintiffs*, and the brief does not contain any allusion to the contributions, if any, which the Stanfields might have reasonably expected to have received had their son not met his untimely death. In short, the brief sought to escape the judgment awarding the Butler cross-plaintiffs a recovery against the Stanfield estate.

It is clear from our transcript that the Stanfields, as plaintiffs, were represented by Hon. Rudy Rice and that the Stanfields, as cross-defendants, were represented by Hon. Charles L. Smith. Each lawyer signed the separate pleadings of his clients in the posture in which they appeared in the litigation. Mr. Smith filed the original and the amended motions for new trial and executed the supersedeas bond in his capacity as attorney for the Stanfields, as cross-defendants. He prepared the brief for the appellants and argued the case. Mr. Rice did not appear in our appellate record until he filed a response, at the suggestion of this Court, after appellees' counsel had raised the point that the new trial ordered by this Court should not include a new trial as to the Stanfields as plaintiffs, but only as to the Butler cross-plaintiffs and the Stanfields as cross-defendants representing the estate of their deceased son.

Counsel for the Butlers complain, in the motion for rehearing, that we erred in reversing the judgment of the trial court and in remanding the cause for a new trial generally. As indicated above, appellants' points which we sustained, resulting in a reversal of the judgment below, were those which attacked the jury findings that Stanfield was guilty of negligence proximately causing the collision and which exonerated Butler of negligence.

The judgment also denied the Stanfields, individually and as the surviving parents of Stanfield, any recovery upon their original action. This latter adjudication was predicated, not only upon the findings on the negligence issues, but also upon the jury's answer to Special Issue No. 11, wherein the jury answered "none" to the Stanfield damage issue.

Appellants did not include in their amended motion for new trial any assignments which attacked the finding of the jury to Special Issue No. 11, nor did they include in their brief in this Court any points relating thereto. Instead, their entire attack in each instance was against the findings relating to the negligence of the two drivers. Upon this record, appellees now argue:

"The jury's finding of 'no damages' to this unchallenged issue [No. 11] fully supports the take-nothing judgment entered herein, and the findings on "the liability issues were therefore immaterial as to Howard and Hattie Stanfield as *plaintiffs* . . ." [Emphasis supplied]

This argument is amplified by appellees in this manner:

" . . . since the only complaint on appeal herein by the Estate of Roy Stanfield, Deceased, acting through Howard and Hattie Stanfield, as representatives of his estate, are to the effect that the jury should not have answered the liability issues the way they did and that the trial court should not have entered a judgment against the estate of Roy Stanfield. Howard and Hattie Stanfield, therefore, individually, are bound by the jury's finding that they sustained no damages, and the Court of Civil Appeals erred in reversing the judgment of the trial court, in any event, *insofar as it denies a recovery to Howard and Hattie Stanfield, individually.*" [Emphasis supplied]

I agree and would reform our judgment so that upon remand the sole question for determination upon the new trial is the

cause of action asserted by the surviving beneficiaries of Butler against the estate of Stanfield, deceased.

The judgment was severable in that it awarded the Butlers a recovery against the Stanfield estate and denied the Stanfields a recovery against the Butler estate. Beyond question, the Stanfields had the right to appeal from a part thereof only. Dallas Electric Supply Co. v. Branum Co., 143 Tex. 366, 185 S.W.2d 427, 430 (1945). However, the case having been tried to a jury, a motion for new trial was a jurisdictional prerequisite to an appeal. *Rule 324*; St. Louis Southwestern Railway Company v. Duke, 424 S.W.2d 896, 897 (Tex.Sup.1967). The motion was timely filed and complained only of the errors which affected the Butler recovery, not the portion of the judgment which denied the Stanfields a recovery against the Butler estate.

I do not join in the criticism of the *Lewis* case [Lewis v. Isthmian Lines, Inc., 425 S.W.2d 893 (Tex.Civ.App., Houston 14th Dist., 1968, no writ)] nor in an opinion which is in conflict therewith. The judgment which denied the Stanfield plaintiffs a recovery was based upon a special verdict which (a) acquitted the Butler estate of negligence, (b) convicted the Stanfield driver of negligence, and (c) found that no damages were sustained by the Stanfield plaintiffs. Being a special verdict, it is governed by the rule of law set out in Carwile v. William Cameron & Co., 102 Tex. 171, 114 S.W. 100, 102 (1908):

> "[I]n case of special verdict, the facts being found by the jury, it is necessary for the court to announce the judgment, the legal conclusions thereon, because the law is not determined by the special verdict, nor are the rights of the parties fixed thereby."

See also, Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705, 707 (1944). And, I repeat, this judgment denying the Stanfields a recovery stands before us without being challenged.

Even if we assume, arguendo, that the jurisdiction of this Court was invoked by the Stanfields, as *plaintiffs* [a matter of which I have grave doubt], they are still not entitled to a reversal of a judgment which finds support in a finding which they did not attack. In Bickler v. Bickler, 403 S.W.2d 354, 361 (Tex.Sup.1966), the Court said:

> "Ralph sought by his suit to recover damages because of interference by Max with his use of the driveway easement. The trial court's judgment denied him a recovery of damages. *He had no point of error before the Court of Civil Appeals complaining of the denial of damages, and his claim therefore has been abandoned."* [Emphasis supplied]

Nor do I concur in the theory that the appellees are estopped from raising the question now under discussion because they did not raise the point in their original brief. They were under no duty to defend their take-nothing judgment against the Stanfields when it was not under attack. They replied to all of the points brought forward by the appellants and that is all that we should require of an appellee. *Rule 420.*

Having perfected an appeal from the judgment of the trial court only insofar as it awarded a recovery to the Butlers against the Stanfield estate, it necessarily follows that we have no jurisdiction to disturb the judgment which denied the Stanfields, individually, any recovery against the Butler estate. Cf. Employees Finance Co. v. Lathram, 369 S.W.2d 927, 930–931 (Tex.Sup. 1963). I would now recognize the severance which was effected by the action of the Stanfields and, upon remand of the cause, all further proceedings would be confined to the cause of action of the Butler plaintiffs against the Stanfield estate.

Appendix attached.

## APPENDIX

### SUPERSEDEAS BOND

WHEREAS, in the above entitled and numbered cause, pending in the 131st District Court of Bexar County, Texas, and in

a regular term of said Court, to-wit, on the 3rd day of June, 1970, a judgment against Howard Stanfield and wife, Hattie Stanfield and the Estate of Roy Howard Stanfield, deceased, was entered wherein Della Joy Butler, as Administratrix of the Estate of Mark L. Butler, Deceased, recovered One Thousand, Two Hundred Ninety-two and No/100 Dollars ($1,292.00); Della Joy Butler, Individually, recovered Two Thousand Dollars ($2,000.00); Charles Leroy Butler recovered Six Thousand Dollars ($6,000.00); Russell Bud Butler recovered the sum of Nine Thousand Dollars ($9,000.00); and Pauline Ann Butler recovered the sum of Thirteen Thousand Dollars ($13,000.00), all totalling Thirty-one Thousand, Two Hundred Ninety-two Dollars ($31,292.00) with interest thereon at the rate of six per cent (6%) per annum from June 3, 1970 and all costs of suit, from which judgment the said Howard Stanfield and wife, Hattie Stanfield, and the Estate of Roy Howard Stanfield, Deceased, desire to take an appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District, Sitting at San Antonio; and

WHEREAS, the said Howard Stanfield and wife, Hattie Stanfield, and the Estate of Roy Howard Stanfield, Deceased, desire supersedeas respecting such judgment:

NOW, THEREFORE, we, Howard Stanfield and wife, Hattie Stanfield, and the Estate of Roy Howard Stanfield, Deceased, as principals, and The Aetna Casualty & Surety Company as surety, acknowledge ourselves bound to pay to the said Della Joy Butler, individually and as Administratrix of the Estate of Mark L. Butler, Deceased, Charles Leroy Butler, Russell Bud Butler and Pauline Ann Butler, appellees, the sum of Thirty-five Thousand Dollars ($35,000.-00), conditioned that such appellants, Howard Stanfield and wife, Hattie Stanfield, and the Estate of Roy Howard Stanfield, Deceased, shall prosecute their appeal with effect and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against them, they shall perform its judgment, sentence or decree, and pay all such damages as said Court may award against them.

WITNESS OUR HANDS this 10 day of September, 1970.

> HOWARD STANFIELD AND WIFE, HATTIE STANFIELD, AND THE ESTATE OF ROY HOWARD STANFIELD, DECEASED
>
> BY /s/ Charles L. Smith
>        Their Attorney
>
> PRINCIPALS
>
> THE AETNA CASUALTY & SURETY COMPANY
>
> BY /s/ Neal G. Clark
>
> SURETY         (seal)

APPROVED AND FILED this 11 day of Sept., 1970.

> ELTON R. CUDE, District Clerk
> Bexar County, San Antonio, Texas