**DALHO CORPORATION and United Parcel Service, Appellants,**

v.

**TRIBBLE & STEPHENS, Appellee.**

No. 04–88–00509–CV.

Court of Appeals of Texas, San Antonio.

Dec. 14, 1988.

Elizabeth Lindell, John W. Davidson, Rand J. Riklin, Sawtelle, Goode, Davidson & Troilo, San Antonio, Mike M. Tabor, Kervyn B. Altaffer, Jr., Clark, West, Keller, Butler & Ellis, Dallas, for appellants.

John S. Torigian, Barbara A. Callistien, Krell & Torigian, Houston, R. Laurence Macon, Paul D. Andrews, Cox & Smith, San Antonio, for appellee.

Before ESQUIVEL, REEVES and CHAPA, JJ.

OPINION

CHAPA, Justice.

Appellants, Dalho Corporation and United Parcel Service, Inc. appeal from an adverse default judgment awarding $700,-000.00 to appellee, Tribble & Stephens, Inc.

The only issue here is whether this appeal should be dismissed because appellant voluntarily paid and satisfied the judgment.

Appellee sued appellants in Cause No. 87–CI–12712 alleging breach of contract and tort actions resulting from a contract change order. As a result of alleged improper conduct of appellants, on August 22, 1988 the trial court granted sanctions against appellant. In so doing, the court

severed appellees cause of action for recovery of retainage and all associated defenses as Cause No. 87–CI–12712–A, struck appellants' pleading as to retainage, and granted appellee final judgment in the amount of $700,000.00. The court's order also provided other relief including sanctions of $550.00 for attorneys fees and court reporter fee. However, this relief as well as all other causes of action and defenses remaining, other than the cause of action and defenses for retainage, were clearly ordered to remain under Cause No. 87–CI–12712.

On September 2, 1988, in compliance with the final judgment as to Cause No. 87–CI–12712–A, appellants delivered two checks totaling $700,000.00 to appellee with no reservation or limitations noted thereon. On September 16, 1988, appellants delivered the $550.00 ordered to be paid for attorney fees and court reporter fee with a letter indicating for the first time that such payment was made under protest. On September 20, 1988, appellants filed their appeal bond.

In *Continental Cas. Co. v. Huizar*, 740 S.W.2d 429, 430 (Tex.1987) the Texas Supreme Court stated:

> In *Highland Church of Christ v. Powell*, 640 S.W.2d 235 (Tex.1982), we stated as follows:
>
> > It is a settled rule of law that when a judgment debtor voluntarily pays and satisfies a judgment rendered against him, the cause becomes moot. *Employees Finance Co. v. Lathram*, 369 S.W.2d 927, 930 (Tex.1963). He thereby waives his right to appeal and the case must be dismissed. [citations omitted].
>
> *Id.* at 236. The mere fact that a judgment is paid "under protest" will not prevent the case from becoming moot upon payment. *Id.* In *Highland Church*, we did recognize that a payment under duress during the pendency of an appeal would not render the appeal moot. *Id.* at 237. There is no evidence of duress here.

*Id.* at 430.

■ As in *Huizar*, appellants have failed to show any duress which would not render

this appeal moot. Appellants weakly contend that their counsel's advice convinced them that if the judgment was not paid, they would risk additional liability as to the full amount claimed by appellee. This risk remains nonetheless, since the appellee's remaining causes of action are still pending under the original cause no. 87–CI–12712.

Further, a supersedeas bond was available to appellants pursuant to Tex.R.App. P. 47 to prevent an execution, if they so desired.

■ Appellants' contention that they belatedly protested the $550.00 payment is also without merit. Mere payment "under protest" will not prevent the case from becoming moot, and the $550.00 is not designated in the court's order as being included in the final judgment before us, but rather falls with all remaining matters under cause no. 87–CI–12712, which is pending trial. We conclude that the payment made by appellants on the final judgment was voluntary, and this appeal should be dismissed as moot.

Accordingly, this appeal is dismissed, without prejudice to any matters remaining to be resolved in Cause No. 87–CI–12712.