eppler.0-247 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS




AT AUSTIN




 




NO. 3-90-247-CV





TOM CODY GRAVES, ET AL.,



 APPELLANTS


vs.




EPPLER, GUERIN & TURNER, INC.,



 APPELLEE



 



FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL

DISTRICT


NO. CV88-0756-B, HONORABLE ROYAL HART, JUDGE PRESIDING


 




 Tom Cody Graves and fifty-three other investors ("the plaintiffs") sued Eppler,
Guerin, & Turner, Inc. ("EGT"), a securities broker, alleging fraud, breach of fiduciary duties
and breach of securities laws. (1) Based on the jury's answers, the trial court rendered a take-nothing judgment in favor of EGT and adjudged the plaintiffs jointly and severally liable for
EGT's costs. On appeal, the plaintiffs challenge the amount of the costs taxed against them. We
will dismiss the appeal.



THE CONTROVERSY


 Each of the plaintiffs purchased securities representing ownership of a limited
partnership that later filed for bankruptcy protection. Alleging that EGT fraudulently induced them to invest in the securities, the plaintiffs charged that EGT violated the Texas Securities Act, (2)
committed common-law and statutory fraud, (3) and breached a fiduciary duty. 

 The cause went to trial in May 1990. The jury returned a verdict in favor of EGT,
and the trial court rendered judgment on the verdict. In the judgment the trial court ordered that
EGT "recover against Plaintiffs, jointly and severally, all of Defendant Eppler, Guerin & Turner,
Inc.'s costs of Court for which let execution issue." The following sequence of events then
occurred:

 July 19, 1990 -- The district clerk of Tom Green County prepared and sent to the
plaintiffs an amended bill of costs totalling $68,057.63. Although it remains unclear how the
district clerk computed the bill of costs, nearly the entire amount consisted of court reporter's
fees. 

 July 26, 1990 -- EGT filed a motion to adjudge non-stenographic recording costs
as costs of court.

 July 30, 1990 -- The plaintiffs filed a motion to retax costs. In that motion the
plaintiffs argued that the district clerk (1) violated Texas Rule of Civil Procedure 206 by
calculating the bill of costs from invoices prepared by EGT and by charging the plaintiffs for
additional copies of depositions, and (2) violated Texas Rule of Civil Procedure 202 by including
in the bill of costs the expense of videotaping the depositions and the costs of copies of the
videotapes. 

 August 7, 1990 -- The plaintiffs filed a motion for new trial, based in part on their
complaints regarding the taxed costs.

 August 15, 1990 -- One of the plaintiffs, C.L. Carlile, deposited with the district
clerk of Tom Green County the cash sum of $68,755.22 in lieu of a supersedeas bond.

 August 16, 1990 -- The trial court denied the plaintiffs' motion to retax costs. In
that same order, the trial court granted EGT's motion to adjudge and tax non-stenographic costs
against the plaintiffs. 

 August 24, 1990 -- In a letter to EGT counsel, an attorney for the plaintiffs wrote,
"This will confirm our conversation yesterday wherein I advised you that the Plaintiffs in the
above case will pay the judgment for costs. . . . I have computed the costs and interest up to the
27th of August, 1990, to be $68,971.28 and intend to deliver that sum by check on that same date. 
I request that once the payment is made that you take immediate action to dismiss all pending
garnishment actions relating to this cause."

 August 27, 1990 -- The plaintiffs paid EGT $68,971.28 in satisfaction of the
judgment and obtained a release of judgment.

 August 31, 1990 -- The trial court overruled the plaintiffs' motion for new trial.

 September 24, 1990 -- The plaintiffs appealed from the judgment, but limited their
appeal to the issue whether the district clerk properly calculated the bill of costs. See Tex. R.
App. P. Ann. 40(a)(4) (Pamph. 1992).



DISCUSSION


 The plaintiffs complain in three points of error that the trial court erred in taxing
certain costs as costs of court and ordering the plaintiffs to pay those costs. EGT responds that
this appeal is moot because the plaintiffs voluntarily paid the amount taxed against them in the
judgment. We agree.

 As a general rule, a cause becomes moot when a judgment debtor voluntarily pays
and satisfies the judgment rendered against him. Highland Church of Christ v. Powell, 640
S.W.2d 235, 236 (Tex. 1982); Employees Fin. Co. v. Lathram, 369 S.W.2d 927, 929-30 (Tex.
1963). By paying the judgment, the debtor waives the right to appeal and the appellate court must
dismiss the cause. Powell, 640 S.W.2d at 236; see also Otto v. Rau Petroleum Prods., 582
S.W.2d 504 (Tex. Civ. App. 1979, no writ). Because the plaintiffs paid the judgment in the
present cause, they waived their right to appeal unless they fall within some exception to the
general rule.

 The plaintiffs advance three reasons why they should escape the rule that voluntary
payment moots an appeal. First, they argue their payment of the judgment debt was not
voluntary, but was made under duress. The plaintiffs claim EGT forced them to pay the judgment
before appeal because it began garnishment proceedings immediately after the judgment became
final. According to the plaintiffs, "Possible execution, garnishments, post-judgment discovery,
depositions and hearings all clearly compelled the appellants to involuntarily pay the judgment and
perfect a limited appeal." See Stylemark Constr., Inc. v. Spies, 612 S.W.2d 654, 656 (Tex. Civ.
App. 1981, no writ) (payment of a judgment "is not voluntary where it follows execution or other
legal process issued for enforcement of the judgment"). We disagree.

 Carlile filed a cash deposit in lieu of supersedeas bond on August 15; on the same
day, the district clerk certified that she had received the deposit. As a matter of law, EGT could
not thereafter execute on the judgment. See Tex. R. App. P. Ann. 47, 48 (Pamph. 1992). Less
than two weeks later, however, the plaintiffs withdrew the cash deposit and paid the judgment. 
The plaintiffs cannot complain of duress when they voluntarily withdrew the cash deposit that
would have prevented enforcement of the judgment during pendency of the appeal. Cf. Dalho
Corp. v. Tribble & Stevens, 762 S.W.2d 733, 734 (Tex. App. 1988, no writ) (Payment of a
judgment was voluntary because "a supersedeas bond was available to appellants pursuant to Tex.
R. App. P. 47 to prevent an execution, if they so desired."). Moreover, the mere institution of
garnishment proceedings does not as a matter of law constitute duress. See Continental Casualty
Co. v. Huizar, 740 S.W.2d 429, 430 (Tex. 1987).

 The plaintiffs' second argument is that they feared the cash deposit shielded only
Carlile, leaving the remaining plaintiffs exposed to enforcement proceedings. One of the
plaintiffs' attorneys, Guilford Jones, swore in an affidavit that EGT's lawyers claimed they
intended to proceed against all the plaintiffs save Carlile, notwithstanding the cash deposit. 
According to Jones, it was "more economically feasible to pay the judgment under duress" and
obtain releases for all plaintiffs than to expose the plaintiffs other than Carlile to enforcement
proceedings. We disagree.

 If the cash deposit in lieu of supersedeas bond protected only Carlile from execution
on the judgment, the plaintiffs had merely to withdraw the cash deposit and file a supersedeas
bond in its place. This would have forestalled any further attempts to enforce the judgment and
would have protected the plaintiffs from having to pay the judgment. Moreover, we note that the
plaintiffs have not presented to us a record showing EGT tried to enforce the judgment despite
the cash deposit. The plaintiffs offer only Jones's affidavit testimony in which he claims EGT
intended to ignore the cash deposit with regard to all plaintiffs except Carlile.

 Finally, the plaintiffs argue the policy underlying the mootness rule would not be
served by dismissing this action. In Highland Church of Christ v. Powell the supreme court set
forth the rationale for dismissing an appeal when the complaining party has satisfied the judgment:



 The basis for this rule is to prevent a party who has freely decided to pay a
judgment from changing his mind and seeking the court's aid in recovering the
payment. A party should not be allowed to mislead his opponent into believing
that the controversy is over and then contest the payment and seek recovery. 
Voluntary payment ends the controversy, and appellate courts will not decide moot
cases involving abstractions.



Powell, 640 S.W.2d at 236. The plaintiffs argue they intended at all times to prosecute this
appeal and did not mislead EGT into believing otherwise. Therefore, they contend, payment of
the judgment was involuntary and this cause should not be dismissed.

 We find nothing in the record to support the plaintiffs' conclusory statements that
they intended to prosecute this appeal even while paying the judgment. In the August 24, 1990,
letter in which the plaintiffs indicated they would pay the judgment, their counsel mentioned
nothing about an appeal; in fact, the letter suggested the plaintiffs would not pursue an appeal. (4) 
The only indication in the letter that further action would be necessary was the plaintiffs' request
that EGT move to dismiss pending garnishment claims once the judgment was paid. The plaintiffs
paid the judgment on August 27, but the record reflects no attempt to reserve any rights of appeal. 
Finally, the plaintiffs did not file their notice of appeal until September 24, 1990, nearly a month
after paying the judgment.

 On April 3, 1991, this Court overruled EGT's motion to dismiss this appeal. Based
on our further review of the record, however, we conclude a disposition of this cause on the
merits would be an advisory opinion because the voluntary payment rendered the appeal moot and
deprived this Court of jurisdiction. See Lee v. State, 425 S.W.2d 698, 699 (Tex. Civ. App. 1968,
no writ) ("[Q]uestions involved in an appeal become moot when the judgment is complied with
by the complaining party and an appellate court will not retain jurisdiction to thereafter decide
such an appeal since appellate courts will not decide moot or abstract propositions."); see also
Firemen's Ins. Co. v. Burch, 442 S.W.2d 331, 333 (Tex. 1968) (Texas courts may not give
advisory opinions).

 Because the plaintiffs voluntarily paid the judgment rendered against them, we
dismiss the appeal. (5) See Employees Fin. Co., 369 S.W.2d at 930-31; Freeman v. Burrows, 171
S.W.2d 863, 863-64 (Tex. 1943); see also Otto, 582 S.W.2d at 504. 






 


 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Appeal Dismissed

Filed: June 10, 1992

[Do Not Publish]

1.   The plaintiffs also joined in the suit the issuers of the securities. The trial court
rendered a default judgment against the issuers for failure to appear at trial. No issue in
this appeal concerns the judgment against the issuers.
2.   See Tex. Rev. Civ. Stat. Ann. art. 581-1 -- 581-41 (1964 & Supp. 1992).
3.   See Tex. Bus. & Com. Code Ann. § 27.01 (1987).
4.   The letter read in part:


 So that there is no misunderstanding in the future, the only Plaintiffs that
are involved in the payment of this judgment will be those that were not
severed out by the Court prior to the jury verdict. In other words, the
claims of [the five severed Plaintiffs] still remain open against Eppler. 
Since Eppler did not obtain a judgment for costs against those individuals,
they are not being released. They will be able to pursue their claims as they
see fit.


(Emphasis added). The emphasized language implies that the plaintiffs released by Eppler
retained no rights to pursue their claims.
5. When a court concludes a cause has become moot, the usual response is to dismiss
the cause, rather than the appeal. Carillo v. State, 480 S.W.2d 612, 616-17 (Tex. 1972);
International Ass'n of Machinists v. Federated Ass'n of Accessory Workers, 130 S.W.2d 282,
283 (Tex. 1939). This course of action sets aside all orders and judgments in the cause and
"leaves standing no judgment of any kind which can have any detrimental direct or collateral
legal consequences." Carillo, 480 S.W.2d at 619 (Calvert, C.J., concurring) (emphasis
omitted); see also Freeman v. Burrows, 171 S.W.2d 863, 863-64 (Tex. 1943).


 The supreme court has indicated, however, that it will not strictly apply the
mootness rule in all instances. See Boatright v. City of Mineral Wells, 415 S.W.2d 901, 902
(Tex. 1967). Because dismissal of the cause would nullify the unsevered judgment of the trial
court, the plaintiffs would lose their default judgment against the securities issuers. We
conclude this result would simply breed additional litigation, thereby undermining the policy
supporting the mootness rule. Therefore, we dismiss the appeal.