ACCEPTED
01-13-00853-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/13/2015 4:38:37 PM
CHRISTOPHER PRINE
CLERK

**No. 01-13-00853-CV**

# In the First District Court of Appeals

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/13/2015 4:38:37 PM
CHRISTOPHER A. PRINE
Clerk

**DERNICK RESOURCES, INC.**
*Appellant / Cross-Appellee*

**v.**

**DAVID WILSTEIN AND LEONARD WILSTEIN, INDIVIDUALLY AND AS TRUSTEE OF THE LEONARD AND JOYCE WILSTEIN REVOCABLE TRUST**
*Appellees / Cross-Appellants*

ON APPEAL FROM CAUSE NO. 2002-31310
164TH DISTRICT COURT OF HARRIS COUNTY, TEXAS
HON. ALEXANDRA SMOOTS-HOGAN, PRESIDING

## RESPONSE TO "EMERGENCY" MOTION TO INCREASE AMOUNT OF DEPOSIT IN LIEU OF SUPERSEDEAS BOND

JACKSON WALKER L.L.P.          SQUIRE PATTON BOGGS (US) LLP

**Kathrine M. Silver**
ksilver@jw.com
**Richard A. Howell**
rahowell@jw.com
1401 McKinney St., Suite 1900
Houston, TX 77010
(713) 752-4340 (Telephone)
(713) 752-4221 (Facsimile)

**D. Patrick Long**
pat.long@squirepb.com
**Dylan O. Drummond**
dylan.drummond@squirepb.com
2000 McKinney Ave., Suite 1700
Dallas TX 75201
(214) 758-1500 (Telephone)
(806) 758-1550 (Facsimile)

*Counsel for Appellant / Cross-Appellee Dernick Resources, Inc.*

010-8150-6461/3/AMERICAS

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................. i

INDEX OF AUTHORITIES ............................................. ii

INTRODUCTION ...................................................... 1

FACTUAL BACKGROUND ............................................. 2

ARGUMENT IN RESPONSE .......................................... 3

    I.    This Court's Judgment Only Becomes Enforceable When the Mandate Issues ...................................... 4

    II.   Professor Carlson Confirms This Understanding of the Rules ........................................................ 7

    III.  Reliance on the Mandate to Enforce the Judgment is Routine Practice in this Court and Other Courts ............ 10

CONCLUSION & PRAYER ........................................... 13

APPENDIX

September 25, 2015 Order Denying Plaintiffs' Motion to Increase Supersedeas Deposit .................................... TAB A

Excerpt from Prof. Elaine A. Carlson, *Supersedeas Issues in Texas*, *in* State Bar of Tex. Prof. Dev. Program, Civil Appellate Practice 101, Ch. 11 (2015) .......................... TAB B

**Response to "Emergency" Motion to Increase Amount of Deposit in Lieu of Supersedeas Bond**
        **Page i**
010-8150-6461/3/AMERICAS

## INDEX OF AUTHORITIES

### CASES

**Texas Supreme Court**

*Black v. Epperson*,
   40 Tex. 162 (1874)................................................**1, 7**

*Edwards Aquifer Auth. v. Chem. Lime, Ltd*,
   291 S.W.3d 392 (Tex. 2009) ....................................**1, 5**

*In re Corral-Lerma*,
   451 S.W.3d 385 (Tex. 2014) (per curiam)
   (orig. proceeing) ...............................................**12–13**

*In re Long*,
   984 S.W.2d 623 (Tex. 1999) (per curiam)
   (orig. proceeing) ....................................................**5**

*In re Longview Energy Co.*,
   464 S.W.3d 353 (Tex. 2015) (orig. proceeing)..............**12–13**

*Miga v. Jenson*,
   299 S.W.2d 98 (Tex. 2009) .........................................**7**

*In re Nalle Plastics Family L.P.*,
   406 S.W.3d 168 (Tex. 2013) (orig. proceeding) .............**9, 12**

**Intermediate Appellate Courts**

*In re City of Cresson*,
   245 S.W.3d 72 (Tex. App.—Fort Worth 2008,
   orig proceeding) ....................................................**5**

*Dernick Res., Inc. v. Wilstein*,
   No. 01-13-00853-CV, 2015 Tex. App. LEXIS 6684
   (Tex. App.—Houston [1st Dist.] June 30, 2015, no
   pet. h.) ..............................................................**2–3**

*Entergy Gulf Sts., Inc. v. Traxler*,
   No. 09-09-00362-CV, 2013 Tex. App. LEXIS 362
   (Tex. App.—Beaumont Jan. 17, 2013, no pet.) (mem. op.) ... **12**

**Response to "Emergency" Motion to Increase Amount of**                **Page ii**
**Deposit in Lieu of Supersedeas Bond**
010-8150-6461/3/AMERICAS

*Sandoval v. Am. Point Realty, Ltd.*,
No. 01-14-00988-CV, 2015 Tex. App. LEXIS 6922
(Tex. App.—Houston [1st Dist.] July7, 2015) (mem. op.)
(per curiam) ...................................................**10–11**

*Smith v. Fifth Third Mortg.*,
Order dated Dec. 4, 2013, No. 05-13-00499-CV
(Tex. App.—Dallas Nov. 5, 2013, pet. denied) ............**11–12**

*Strebel v. Wimberly*,
371 S.W.3d 267 (Tex. App.—Houston [1st Dist.] 2012,
pet. denied) ......................................................**11**

*Univ. Life Ins. Co. v. Giles*,
982 S.W.2d 488 (Tex. App.—Texarkana 1998,
writ denied) ......................................................**5**

*Warren E&P, Inc. v. Gotham Ins. Co.*,
Agreed Motion to Expedite Mandate, No. 08-10-00198-
CV (Tex. App.—El Paso Nov. 5, 2014, no pet.) ...............**12**

## Rules

Tex. R. App. P. 9.5(d), (e) ..........................................**15**

Tex. R. App. P. 18.1 ................................................**4**

Tex. R. App. P. 24.1(f) ...........................................**3, 6**

Tex. R. App. P. 24.2(a)(1) .........................................**2**

Tex. R. App. P. 24.3(a)(2) .........................................**6–7**

Tex. R. App. P. 51.1(b) .........................................**3, 4, 7**

## Secondary Sources

Yogi Berra with Dave Kaplan, When You Come
to a Fork in the Road, Take It (2001) .................**1**

Elaine A. Carlson, *Reshuffling the Deck: Enforcing and
Superseding Civil Judgments on Appeal after House Bill 4*,
46 S. Tex. L. Rev. 1035 (2005) ...........................**9–10**

**Response to "Emergency" Motion to Increase Amount of**                **Page iii**
**Deposit in Lieu of Supersedeas Bond**
010-8150-6461/3/AMERICAS

Prof. Elaine A. Carlson, *Supersedeas Issues in Texas*, *in* State Bar of Tex. Prof. Dev. Program, Civil Appellate Practice 101, Ch. 11 (2015) .................................................**1, 9**

6 Roy W. McDonald & Elaine A. Carlson, *Texas Civil Practice* § 14:20 (2d ed. 1998) ................................. **4, 9–10**

Stacey Obenhaus, *It Ain't Over 'Til It's Over: The Appellate Mandate in Texas Courts*, App. Advoc., Winter 2003.. **1, 5–6**

# INTRODUCTION

As the late, great Yogi Berra sagely declared, "'It ain't over 'til it's over.'"[1] Texas law has made clear for nearly 150 years that the trial court judgment remains operative until the appeal is over and the mandate issues.[2] Appellees and Cross-Appellants David Wilstein and Leonard Wilstein, Individually and as Trustee of the Leonard and Joyce Wilstein Revocable Trust (the "Wilsteins") fundamentally misunderstand the distinction between the *effectiveness* of this Court's judgment and *enforcement* of it.[3]

Because no law supports its grant, and without even any "emergency" underlying its supposed urgency, this Court should deny the Wilsteins' Emergency Motion to Increase Amount of Deposit in Lieu of Supersedeas Bond (the "Motion").

---

[1] *Edwards Aquifer Auth. v. Chem. Lime, Ltd.*, 291 S.W.3d 392, 413, 413 n.2 (Tex. 2009) (Willett, J., concurring) (quoting YOGI BERRA WITH DAVE KAPLAN, WHEN YOU COME TO A FORK IN THE ROAD, TAKE IT 88 (2001) and citing generally Stacey Obenhaus, *It Ain't Over 'Til It's Over: The Appellate Mandate in Texas Courts*, APP. ADVOC., Winter 2003).

[2] *See*, *e.g.*, *Black v. Epperson*, 40 Tex. 162, 180 (1874) (trial court clerk without "authority to issue execution" until appellate court's mandate filed in clerk's office); Prof. Elaine A. Carlson, *Supersedeas Issues in Texas*, *in* State Bar of Tex. Prof. Dev. Program, Civil Appellate Practice 101 Ch. 11, at 30 (2015) (emphasis added).

[3] *See Chem. Lime*, 291 S.W.3d at 411 (Brister, J., concurring).

## FACTUAL BACKGROUND

The trial court rendered final judgment (the "Original Judgment") in favor of the Wilsteins in July 2013 for $3,373,452.45. In response, Dernick Resources, Inc. ("Dernick") deposited with the Court $583,427.08 in November 2013 to supersede the Original Judgment. A year later, Dernick deposited another million dollars into the trial court's registry, which raised the total appellate security on deposit to $1,583,427.08. The Wilsteins admit that this amount: (1) has been found to be sufficient by both this Court and the trial court; and (2) "fully superseded" the Original Judgment.[4] (Wilsteins' Motion to Increase Supersedeas Deposit, at 2–3).

In June 2015, this Court issued its decision and judgment in the case, which modified the Original Judgment by increasing it to $4,489,376.71 (the "Modified Judgment")—awarding the Wilsteins and additional $750,000.00 for production-revenue damages and $365,924.26 in prejudgment interest on that claim. *Dernick Res., Inc. v.*

---

[4]  In order to supersede the Original Judgment, Dernick was required to deposit the sum of: (1) the interest for the estimated duration of the appeal; and (2) the awards for compensatory damages and costs. Tex. R. App. P. 24.2(a)(1). Here, the $1,583,427.08 deposited by Dernick into the Court's registry is sufficient to supersede the Original Judgment during appellate proceedings lasting in excess of *19 years*.

**Response to "Emergency" Motion to Increase Amount of**          **Page 2 of 16**
**Deposit in Lieu of Supersedeas Bond**
010-8150-6461/3/AMERICAS

*Wilstein*, No. 01-13-00853-CV, 2015 Tex. App. LEXIS 6684, at *73 (Tex. App.—Houston [1st Dist.] June 30, 2015, no pet. h.). Dernick sought rehearing, which was denied September 22, 2015. Dernick now intends to petition the Texas Supreme Court for review.

On September 25, 2015, the trial court below denied the Wilsteins attempt to require Dernick to increase its supersedeas deposit based upon the Modified Judgment. (**App'x Tab A**).

## ARGUMENT IN RESPONSE

The black-letter law governing the resolution of this Motion is not open to serious dispute. ***"[E]nforcement*** of a judgment ***must be suspended***" when the "judgment is ***superseded***," and an "appellate court's judgment" cannot "be ***enforced" by the trial court***" until the "trial court clerk receives the ***mandate***." *Compare* Tex. R. App. P. 24.1(f) (emphasis added), *with* Tex. R. App. P. 51.1(b) (emphasis added). The supersedeas amount can only change once the mandate issues.

But the Wilsteins argue that the supersedeas amount should be increased to account for the additional $750,000 included in the Modified Judgment (along with postjudgment interest on this amount)—prior to issuance of the mandate. This proposal is converse

to the procedure routinely applied by Texas intermediate appellate courts, and recited in legal hornbooks and treatises as well. *See*, *e.g.*, 6 Roy W. McDonald & Elaine A. Carlson, *Texas Civil Practice* § 14:20 (2d ed. 1998) [hereinafter *Texas Civil Practice*].

The Court should decline the Wilsteins' invitation to radically depart from established appellate procedure, and deny their Motion.

## I. This Court's Judgment Only Becomes Enforceable When the Mandate Issues

The Wilsteins are wrong to suggest that the amount necessary to supersede a judgment changes when this Court issues an opinion. This Court's judgment only becomes enforceable when the mandate issues.

Just as a trial court's judgment may be reversed or reconsidered, the same is true of a decision by a court of appeals. For this reason, the rules create a device called the mandate. Therefore, the appellate judgment becomes enforceable only when the mandate issues. TEX. R. APP. P. 51.1(b). The mandate does not issue until the appellate process has run its full course. TEX. R. APP. P. 18.1. This is why an appeal results in both an appellate judgment and a mandate. "Postponing *enforcement* of [appellate court] decisions is not the

same as postponing when they are **_effective_**." *Edwards Aquifer Auth. v. Chem. Lime, Ltd.*, 291 S.W.3d 392, 411 (Tex. 2009) (Brister, J., concurring). The former is not self-executing, but is instead provisional until the latter issues.

Texas courts—including the Supreme Court—recognize that appellate court judgments are "**_not enforceable_** in the trial court until … **_mandate issues_**." *In re City of Cresson*, 245 S.W.3d 72, 74 (Tex. App.—Fort Worth 2008, orig. proceeding) (emphasis added); *see In re Long*, 984 S.W.2d 623, 624, 626 (Tex. 1999) (per curiam) (orig. proceeding) (trial court clerk not obligated to comply with appellate court judgment until mandate issued); *see also Chem. Lime*, 291 S.W.3d at 415 (Tex. 2009) (Willett, J., concurring) (the "date of the mandate" is when the "judgment [becomes] enforceable").

As their sole contrary authority in the trial court, the Wilsteins relied on an overturned court of appeals decision. (*See* Dernick Resp. Mot. Increase Supersedeas Deposit, at 3–4 (explaining that *Universe Life Insurance Co. v. Giles*, 982 S.W.2d 488, 491–92 (Tex. App.—Texarkana 1998, writ denied), was overturned by the Texas Supreme Court in *In re Long*, 984 S.W.2d at 626); Stacey Obenhaus, *It Ain't*

*Over 'Til It's Over: The Appellate Mandate in Texas Courts*, App. Advoc., Winter 2003, at 7 n.31 (same). The Wilsteins apparently agree that *Giles* is not good law—it makes no appearance in their motion to this Court—but they have replaced it with nothing. They now cite no authority for their novel suggestion that a supersedeas amount should change before issuance of the mandate.

Rule 24.1(f) commands that "enforcement of a judgment must be suspended if the judgment is superseded." Tex. R. App. P. 24.1(f). The Wilsteins acknowledge that Dernick's deposit was sufficient to supersede the trial court's judgment. (*See* Wilsteins' Emergency Mot. Increase Deposit, at 3 (calling the deposit "no longer sufficient"); Wilsteins' Motion to Increase Supersedeas Deposit, at 3 ("[O]riginal [J]udgment was fully superseded")). Therefore, it is undisputed that Dernick has suspended enforcement of the trial court's judgment during the pendency of the appeal of this matter.

After a trial court loses plenary power as the Court below has here, it only retains "continuing jurisdiction … to modify the amount or type of security required to continue the suspension of a judgment's execution … *[i]f circumstances change*." Tex. R. App.

P. 24.3(a)(2) (emphasis added). As a matter of law, there can be no change in the circumstances regarding suspension of the Original Judgment because the Modified Judgment cannot be enforced by the trial court until it receives this Court's mandate. *See Black v. Epperson*, 40 Tex. 162, 180 (1874) (trial court clerk without "authority to issue execution" until appellate court's mandate filed in clerk's office); TEX. R. APP. P. 51.1(b). And without any change in the circumstances possible until the mandate issues, no "emergency" can exist to justify the filing of this Motion.

As the Texas Supreme Court has explained, superseding a judgment "defers payment until the matter is resolved." *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). This matter will be "resolved" only once the mandate issues—after review in the Texas Supreme Court is completed.

## II. Professor Carlson Confirms This Understanding of the Rules

Without explanation, the Wilsteins dismiss the import and effect of the mandate as "facially erroneous." (Wilsteins' Emergency Mot. Increase Deposit, at 1). To the contrary, this is literally "Appellate Practice 101."

Professor Elaine Carlson addressed this precise issue in a paper presented last month at the *Texas Civil Appellate Practice 101* course:[5]

> [T]here is **no authority** that empowers the trial court to order an increase or decrease in appellate security premised upon an appellate court judgment when that judgment is subject to further appellate review, and **no mandate has issued**.



> Until a final adverse judgment on appeal is rendered, the security continues to serve to supersede the trial court's judgment. An appealable judgment, which by its nature may not be enforced until completion of the appellate process, **should not be considered a changed circumstance** that would support trial court modification of appellate security. To hold to the contrary, would be inconsistent with not only one final judgment principles and with the clear directive that an appellate judgment is not enforceable unless a mandate has issued and no further appellate review is sought. A trial court empowered to increase appellate security requirements when no Court of Appeals mandate has issued and Texas Supreme Court review is pending, would, in effect, have the ability to enforce the appealable judgment.



> Thus, the **trial court judgment should remain the operative judgment** until the appellate process is complete and a judgment is entered by the appellate court

---

[5] Which, as opposed to the Advanced Civil Appellate Practice Course, is offered annually as a general overview of the basic tenets of Texas appellate practice, in part to assist applicants prepare for the civil appellate law exam administered by the Texas Board of Legal Specialization.

and the ***appellate court issues its mandate*** requiring recognition and enforcement of its judgment.

Prof. Elaine A. Carlson, *Supersedeas Issues in Texas*, *in* State Bar of Tex. Prof. Dev. Program, Civil Appellate Practice 101 Ch. 11, at 29–30 (2015) (emphasis added) (**App'x Tab B**).

Professor Carlson is a recognized expert on Texas civil procedure in general and supersedeas in particular. *See In re Nalle Plastics Family L.P.*, 406 S.W.3d 168, 170 (Tex. 2013) (orig. proceeding) (quoting Elaine A. Carlson, *Reshuffling the Deck: Enforcing and Superseding Civil Judgments on Appeal after House Bill 4*, 46 S. Tex. L. Rev. 1035, 1038 (2005) [hereinafter *Reshuffling the Deck*]).

Professor Carlson's article is consistent with her treatise, *McDonald & Carlson*, on Texas civil procedure:

> Even though the court of appeals may modify the trial court judgment, if the trial court judgment is properly superseded, no additional appellate security should be required. An ***appealable judgment***, which by its nature may not be enforced until completion of the appellate process, ***is not a changed circumstance*** that would support trial court modification of appellate security.

**Response to "Emergency" Motion to Increase Amount of**      **Page 9 of 16**
**Deposit in Lieu of Supersedeas Bond**
010-8150-6461/3/AMERICAS

*Texas Civil Practice* § 14:20 (emphasis added); *accord Reshuffling the Deck*, 46 S. TEX. L. REV. at 1106.

This commentary accurately describes Texas law. This Court's modification of the trial court's judgment cannot constitute a "changed circumstance," and therefore does not require additional appellate security.

## III. Reliance on the Mandate to Enforce the Judgment is Routine Practice in this Court and Other Courts

This Court and other courts of appeals routinely apply the black-letter rule that appellate security should not be altered until the mandate issues. The issue arises most frequently when a defendant seeks release of a supersedeas bond, which requires expedited issuance of the mandate.

The best example is this Court's decision this past summer in *Sandoval v. American Point Realty, Ltd.*, No. 01-14-00988-CV, 2015 Tex. App. LEXIS 6922 (Tex. App.—Houston [1st Dist.] July 7, 2015) (mem. op.) (per curiam). In that case, pursuant to an agreement, the appellants filed an unopposed motion to dismiss the appeal and asked this Court to order "that the Clerk of the Court expeditiously release the funds Appellants posed as security." Appellant's Unopposed

Motion to Dismiss, at 2, *in Am. Point Realty*, 2015 Tex. App. LEXIS 6922. The motion said nothing about the mandate, but this Court correctly recognized that the relief sought—releasing the security—was only proper upon issuance of the mandate. As a result, the panel "construe[d] this motion to include a motion to expedite the mandate" and directed the trial clerk to release the security "after receipt of the mandate." *Am. Pointe Realty*, 2015 Tex. App. LEXIS 6922, at *1–2.

This is routine. In *Strebel v. Wimberly*, this Court reversed and remanded a trial court's judgment. 371 S.W.3d 267, 269 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). The appellant requested expedited issuance of the mandate because he "continue[d] to incur costs related to the supersedeas bond for each day that the mandate does not issue." *See* Unopposed Motion to Immediately Issue Mandate, at 1, *in Strebel*, 371 S.W.3d 267. Numerous other cases and litigants have recognized the connection between issuance of the mandate and release of the supersedeas bond.[6]

---

[6] *See, e.g.*, Order dated Dec. 4, 2013, at 1, *in Smith v. Fifth Third Mortg.*, No. 05-13-00499-CV (Tex. App.—Dallas Nov. 5, 2013, pet. denied) ("We GRANT appellee's November 6, 2013 motion to release the supersedeas bond in

**Response to "Emergency" Motion to Increase Amount of** **Page 11 of 16**
**Deposit in Lieu of Supersedeas Bond**
010-8150-6461/3/AMERICAS

There is no serious dispute to the contrary. It is understandable that the Wilsteins seek to enforce this Court's modification of the judgment without waiting for the appellate process to conclude. It is similarly understandable that defendants who succeed on appeal seek release of a supersedeas bond as soon as possible. To both, our rules of appellate procedure provide the same answer—wait for the mandate to issue.

In recent years, the Texas Supreme Court has regularly resisted plaintiffs' attempts to impose additional supersedeas requirements, mindful that our supersedeas rules are "protective of debtors" and preserve "the right to a meaningful appeal." *In re Longview Energy Co.*, 464 S.W.3d 353, 359–60 (Tex. 2015) (an award that "bears no resemblance to any recognized form of damages" need not be superseded); *see also Nalle Plastics,* 406 S.W.3d at 175–76 (attorney's

---

this case only to the extent that the bond shall be released when the mandate issues."); Agreed Motion to Expedite Mandate, at 1-2, *Warren E&P, Inc. v. Gotham Ins. Co.*, No. 08-10-00198-CV (Tex. App.—El Paso Nov. 5, 2014, no pet.) ("In order to facilitate recovery of the supersedeas bond posted below …, Pedeco requests that the Court issue an expedited mandate."); *Entergy Gulf Sts., Inc. v. Traxler*, No. 09-09-00362-CV, 2013 Tex. App. LEXIS 362, at *1 (Tex. App.—Beaumont Jan. 17, 2013, no pet.) (mem. op.) ("The parties also request that the surety be released from its obligation on the supersedeas bond and that the mandate issue immediately.").

**Response to "Emergency" Motion to Increase Amount of**        **Page 12 of 16**
**Deposit in Lieu of Supersedeas Bond**
010-8150-6461/3/AMERICAS

fees need not be superseded); *In re Corral-Lerma*, 451 S.W.3d 385, 387–88 (Tex. 2014) (per curiam) (orig. proceeding) (interest on attorney's fees need not be superseded).

The Wilsteins' novel attempt to increase Dernick's supersedeas amount should meet with the same fate. Their arguments are unsupported by any authority and conflict with black-letter rules of appellate procedure. The Motion should be denied.

## CONCLUSION AND PRAYER

For the foregoing reasons, Dernick requests the Court to:

(1)    Deny the Wilsteins' Motion;

(2)    Award Dernick its reasonable and necessary attorney fees incurred in opposing the Motion; and

(3)    Grant all other and such relief to Dernick to which it may be entitled, either at law or in equity.

**Response to "Emergency" Motion to Increase Amount of**     **Page 13 of 16**
**Deposit in Lieu of Supersedeas Bond**
010-8150-6461/3/AMERICAS

Respectfully submitted,

By:   /s/ D. Patrick Long

JACKSON WALKER, L.L.P.
    Kathrine M. Silver
    Texas Bar No. 24013510
    ksilver@jw.com
    Richard A. Howell
    Texas Bar No. 10106500
    rahowell@jw.com
1401 McKinney, Suite 1900
Houston, TX  77010
(713) 752-4340 (Telephone)
(713) 752-4221 (Facsimile)

SQUIRE  PATTON  BOGGS  (US),
LLP
    D. Patrick Long
    Texas State Bar No. 12515500
    patrick.long@squirepb.com
    Dylan O. Drummond
    Texas State Bar No. 24040830
    dylan.drummond@squirepb.com
2000 McKinney Avenue, Suite 1700
Dallas, TX 75201
(214) 758-1500      Telephone
(214) 758-1550      Facsimile

*Counsel for Appellant / Cross-Appellee Dernick Resources, Inc.*

**Response to "Emergency" Motion to Increase Amount of                    Page 14 of 16
Deposit in Lieu of Supersedeas Bond**
010-8150-6461/3/AMERICAS

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Appellate Procedure 9.5(d) & (e), the undersigned counsel electronically served on October 13, 2015 a copy of the foregoing via the manner indicated below:

| | |
|---|---|
| Britton D. Monts | *via Electronic Filing Manager* |
| bmonts@themontsfirm.com | via Certified Mail, RRR |
| THE MONTS FIRM | via U.S. Mail (First Class) |
| 401 Congress Avenue, Suite 1540 | via Federal Express |
| Austin, TX 78701 | via Facsimile |
| Facsimile: (512) 692-2981 | *via E-mail* |
| | via Hand Delivery |
| | |
| Tom C. McCall, Esq. | *via Electronic Filing Manager* |
| tmccall@themccallfirm.com | via Certified Mail, RRR |
| David B. McCall, Esq. | via U.S. Mail (First Class) |
| dmccall@themccallfirm.com | via Federal Express |
| THE MCCALL FIRM | via Facsimile |
| 3660 Stoneridge Road, Suite F-102 | *via E-mail* |
| Austin, TX 78746 | via Hand Delivery |
| Facsimile: (512) 477-2271 | |

Kendall M. Gray
kendallgray@andrewskurth.com
Georgia L. Lucier
georgialucier@andrewskurth.com
ANDREWS KURTH LLP
600 Travis Street, Suite 4200
Houston, TX 77002
Facsimile: (713) 238-7349

*via Electronic Filing Manager*
via Certified Mail, RRR
via U.S. Mail (First Class)
via Federal Express
via Facsimile
*via E-mail*
via Hand Delivery

*Attorneys for Plaintiffs David Wilstein
and Leonard Wilstein, Individually
and as Trustee of the Leonard and
Joyce Wilstein Revocable Trust*

/s/ D. Patrick Long

Kathrine M. Silver
Richard A. Howell
D. Patrick Long
Dylan O. Drummond

# APPENDIX

# TAB A

**Response to "Emergency" Motion to Increase Amount of**        **Page A-2**
**Deposit in Lieu of Supersedeas Bond—Appendix**
010-8150-6461/3/AMERICAS

9/21/2015 11:40:32 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 7012062
By: WILLIAMS, CHANDA D
Filed: 9/21/2015 11:40:32 AM
Pgs-2

STBNY

CAUSE NO. 2002-31310

| | | |
|---|---|---|
| DAVID WILSTEIN and LEONARD WILSTEIN, Individually and as Trustee of the Leonard and Joyce Wilstein Revocable Trust, | § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| DERNICK RESOURCES, INC. and PATHEX PETROLEUM, INC.. | § § § § | |
| Defendants. | § | 164th JUDICIAL DISTRICT COURT |

## ORDER DENYING PLAINTIFFS' MOTION TO INCREASE SUPERSEDEAS DEPOSIT

Came for consideration on this _____ day of _____ 2015, the Motion to Increase Supersedeas Deposit (the "Motion") filed by Plaintiffs David Wilstein and Leonard Wilstein, Individually and as Trustee of the Leonard and Joyce Wilstein Revocable Trust. Having considered the Motion, the Response filed by Defendant Dernick Resources, Inc., the other pleadings and papers on file herein, and the arguments of counsel, the Court finds that the Motion should be DENIED.

IT IS THEREFORE ORDERED that:

(1)     The Motion is DENIED;

(2)     ~~Defendant is HEREBY AWARDED its reasonable attorney fees incurred in responding to the Motion;~~ and

(3)     Defendant is HEREBY AWARDED any other or further relief to which it may be entitled.

SIGNED this _____day of _____, 2015.

Signed:
9/25/2015

PRESIDING JUDGE

# TAB B

# SUPERSEDEAS ISSUES IN TEXAS

*Presented by:*
**DUSTIN M. HOWELL**
Assistant Solicitor General
Office of the Texas Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711
(512) 936-0826 (Telephone)
(512) 474-2697 (Telefax)
dustin.howell@texasattorneygeneral.gov

*Written by:*
**PROF. ELAINE A. CARLSON**
Stanley J. Krist Distinguished
Professor of Texas Law
South Texas College of Law
Houston, Texas 77002
(713) 646-1870 (Telephone)
(713) 646-1777 (Telefax)
ecarlson@stcl.edu

State Bar of Texas
**CIVIL APPELLATE PRACTICE 101**
September 9, 2015
Austin

**CHAPTER 11**

A voluntary and unconditional satisfaction of judgment pending appeal will moot the controversy.[352] Absent some remaining controversy, the appellate court must dismiss for want of jurisdiction. Appellate courts may not issue advisory opinions.[353] However, payment on a judgment will not moot an appeal if the judgment debtor clearly expresses an intent to exercise his right to pursue an appeal.[354] Generally, the involuntary satisfaction of a judgment will not moot an appeal.[355]

## H. Supersedeas on Appeal to Texas Supreme Court or U.S. Supreme Court

A take-nothing judgment does not require a supersedeas bond, since there is no judgment requiring enforcement against assets. If a take-nothing judgment is reversed by a court of appeals, a supersedeas bond presumptively need not be posted in order to forestall execution pending Texas or United States Supreme Court review, because execution should not occur until the mandate issues.[356] A losing party may move the court of appeals for a stay of judgment.

Once appellate security is filed in accordance with Appellate Rule 24, enforcement of that judgment is suspended pending a final "adverse judgment on appeal."[357] However, the trial court retains jurisdiction to modify the required appellate security in the event that a surety becomes insufficient, or the amount of security is insufficient to bond the trial court's judgment. However, there is no authority that empowers the trial court to order an increase or decrease in appellate security premised upon an appellate court judgment when that judgment is subject to further appellate review, and no mandate has issued. Put another way, the obligation of a judgment debtor is to post appellate security in accordance with Appellate Rule 24 to suspend enforcement of the trial court judgment. The court of appeals is to issue its mandate only when further appellate review is not sought. Specifically, the court of appeals mandate may issue only when one of the following periods expires:

> (1) Ten days after the time has expired for filing a motion to extend time to file a petition for review or a petition for discretionary review if:
>
> (A) no timely petition for review or petition for discretionary review has been filed; [or]
> (B) no timely filed motion to extend time to file a petition for review or petition for discretionary review is pending.[358]

When further review is sought but denied by the Texas Supreme court, the mandate is to issue:

> Ten days after the time has expired for filing a motion to extend time to file a motion for rehearing of a denial, refusal, or dismissal of a petition for review, or a refusal or dismissal of a petition for discretionary review, if no timely filed motion for rehearing or motion to extend time is pending.[359]

The district clerk bears the responsibility for determining when funds deposited to supersede a judgment may be released and is not to do so "until the conditions of liability in [Rule 24.1] (d) are extinguished."[360] The clerk also is the officer responsible for issuing writs of execution.[361] The clerk is directed under the rules, that execution is not to issue when a trial court judgment has been superseded on appeal.[362] The district clerk is further directed that it is

---

[352] Continental Cas. Co. v. Huizar, 740 S.W.2d 429 (Tex. 1987); Dalho Corp. v. Tribble & Stephens, 762 S.W.2d 733 (Tex. App.—San Antonio 1988, no writ).

[353] *See* Continental Cas. Co. v. Huizar, 740 S.W.2d 429 (Tex. 1987) (payment under duress would not render appeal moot).

[354] Miga v. Jensen, 96 S.W.3d 207 (Tex. 2002) (acknowledging that a litigant must be able to halt the accrual of post-judgment interest and yet preserve the right to appeal).

[355] Riner v. Briargrove Park Prop. Owners, Inc., 858 S.W.2d 370, 370 (Tex.1993).

[356] See TEX. R. APP. P. 51.1. See also In re Long, 984 S.W.2d 623, 625 (Tex. 1998) (orig. proceeding) (When a county official, such as a district clerk, is sued in an official capacity, the timely filing of a notice of appeal operates as a supersedeas bond and suspends enforcement of the underlying judgment on appeal; accordingly, the underlying superseded judgment cannot form the basis for contempt for acts occurring during the appeal in violation of the lower court judgment which are the subject of the appeal until there is a mandate issued by the final appellate court.). But see Universe Life Ins. Co. v. Giles, 982 S.W.2d 488, 490 (Tex. App.—Texarkana 1998, pet. denied) (Once appeal is final, a supersedeas bond no longer precludes enforcement of judgment.).

[357] TEX. R. APP. P. 24.1.

---

[358] TEX. R. APP. P. 18.1.

[359] TEX. R. APP. P. 18.1(a)(2).

[360] Tex. R. App. P. 24.1(c)(3).

[361] TEX. R. CIV. P. 627.

[362] TEX. R. CIV. P. 627.

not to enforce an appellate court judgment until the clerk receives the mandate.[363]

Until a final adverse judgment on appeal is rendered, the security continues to serve to supersede the trial court's judgment. An appealable judgment, which by its nature may not be enforced until completion of the appellate process, should not be considered a changed circumstance that would support trial court modification of appellate security. To hold to the contrary, would be inconsistent with not only one final judgment principles and with the clear directive that an appellate judgment is not enforceable unless a mandate has issued and no further appellate review is sought. A trial court empowered to increase appellate security requirements when no Court of Appeals mandate has issued and Texas Supreme Court review is pending, would, in effect, have the ability to enforce the appealable judgment. If the judgment debtor could not provide the additional security, the judgment would be subject to enforcement, contrary to Appellate Rule 51.1(b) prohibiting enforcement of an appellate judgment until the trial court clerk receives the mandate from the appellate court, signaling that appellate review is complete.[364] Thus, the trial court judgment should remain the operative judgment until the appellate process is complete and a judgment is entered by the appellate court and the appellate court issues its mandate requiring recognition and enforcement of its judgment.[365]

Should a petition for review be denied, a stay of mandate may be sought from the Texas Supreme Court pending disposition by the United States Supreme Court on a petition for writ of certiorari. Under limited circumstances, a stay may be obtained from the United States Supreme Court.[366] A motion to stay mandate must state the grounds for the petition and the circumstances requiring the stay.[367] The appellate court authorized to issue the mandate may grant a stay upon a determination that the "grounds are substantial and that the petitioner or others would incur serious hardship from the mandate's issuance of the United States Supreme Court were later to reverse the

judgment."[368] However, if a stay is denied, the rules are silent as to any right to supersede. It is unnecessary to supersede when a stay of enforcement is obtained.

## I. Disposition of Security on Conclusion of Appellate Review

The liability of a surety on a supersedeas bond, or other appellate security, following final disposition on appeal is dependent upon the nature of the appellate judgment. Appellate rule 24.1(d) provides the surety[369] is responsible up to the amount of the bond, deposit in lieu of bond, or alternate security if (1) the debtor does not perfect the appeal, or the appeal is dismissed, when the debtor does not perform the trial court judgment or (2) the debtor does not perform an adverse judgment final on appeal.

Texas Rule of Appellate Procedure 43.5 instructs the court of appeals in affirming the trial court judgment or modifying it and rendering judgment against the appellant to also render judgment against the sureties on the appellant's supersedeas bond "for the performance of the judgment and any costs taxed against the appellant."[370] Appellate Rule 60.5, applicable to the Supreme Court, also speaks in terms of the surety performing the entire judgment and does not contain language limiting the surety's obligation to the amount of the bond, deposit, or alternate security

---

[363] TEX. R. APP. P. 51.1(b).

[364] TEX. R. APP. P. 51.1(b).

[365] The author is aware of one instance in which an appellate court ordered the modification of the appellate security necessary to continue suspension of the enforcement of a judgment based upon the appellate modification of that judgment. See unpublished order of Nov. 8, 2004, Harris v. Sterquell, No. 07-01-0071-CV, Amarillo Court of Appeals.

[366] See TEX. R. APP. P. 18; Supreme Court Rules 18, 51(1); 28 USC § 21.01(f).

[367] TEX. R. APP. P. 18.2.

---

[368] See TEX. R. APP. P. 18.2; Supreme Court Rules 18, 51(1); 28 USC § 21.01(f).

[369] TEX. R. APP. P. 24.1(d) speaks in terms of conditions of liability that must be undertaken by the surety on "a bond, any deposit in lieu of a bond, or may alternate security ordered by the court." However, there will be instances when no surety is involved as the party itself will post a deposit in lieu of bond, such as cash, cashier's check, or certain negotiable instruments or even court approved alternate security. Thus, the rule addresses conditions of liability that must be undertaken by the surety in superseding judgments and is silent as to the parties' responsibilities. Strictly speaking, a surety is one backing up the obligation of another and thus a party is not and cannot be a surety to itself. However, the court no doubt intended that the conditions of liability expressed in TEX. R. APP. P. 24.1(d) would apply to appellants when acting without a surety.

[370] TEX. R. APP. P. 43.5; Whitmire v. Greenridge Place Apartments, 333 S.W.3d 255, 261 (Tex. App.—Houston [1st Dist.] 2010, no pet.). (Notwithstanding the expiration of the appellate court's plenary power, that court may amend its judgment to reflect the sureties' liability on a supersedeas bond. An appellate court has a mandatory duty under TRAP 43.5 to render judgment against the sureties on the supersedeas bond when the court affirms the trial court's judgment. Upon affirming the trial court's judgment, rendering judgment against the sureties is a ministerial act involving no judicial discretion which thus may be corrected after expiration of the court's plenary power.).